MORGAN, LEWIS & BOCKIUS LLP
CARRIE A. GONELL (State Bar No. 257163)
JOHN D. HAYASHI (State Bar No. 211077)
ALEXANDER L. GRODAN (State Bar No. 261374)
5 Park Plaza, Suite 1750
Irvine, CA  92614
Tel:    949.399.7000
Fax:    949.399.7001
cgonell@morganlewis.com
jhayashi@morganlewis.com
agrodan@morganlewis.com

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SELENA ARMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, N.A.; and DOES 1 through 50,<br><br>Defendants. | Case No. CGC-15-543533<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: January 6, 2015<br>Trial Date: None Set |

Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or "Chase"), by and through its undersigned counsel, hereby answers the allegations contained in the Class Action Complaint ("Complaint") brought by Plaintiff SELENA ARMAS ("Plaintiff") as follows:

**<u>GENERAL DENIAL</u>**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation in the Complaint.  Defendant further denies, generally and specifically, that Plaintiff (or any member of the putative class that she seeks to represent) is entitled to the relief requested, or that Plaintiff (or any member of the putative class that she seeks to represent) has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees, acting in the course and scope of their employment.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

ANSWER
CASE NO. CGC-15-543533

**DEFENSES**

Defendant also asserts the following defenses, without admitting any obligations regarding who bears the burden of proof or persuasion as to any one of them and prays for judgment as set forth below:

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

1.    The Complaint and each purported cause of action contained therein fail to state facts sufficient to constitute a cause of action.

**SECOND DEFENSE**

**(Standing)**

2.    The named Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lacks standing and cannot represent the interest of others as to each purported claim.

**THIRD DEFENSE**

**(Uncertainty)**

3.    Plaintiff's claims, and the claims of each member of the putative class alleged in the Complaint, are barred in whole or in part because the Complaint is uncertain in that the purported class definition is ambiguous and conclusory.

**FOURTH DEFENSE**

**(Due Process/Class Certification)**

4.    Certification of a class action would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment and the California Constitution.

**FIFTH DEFENSE**

**(Not Appropriate for Class Action)**

5.    The Complaint, and each purported cause of action contained therein, are not proper for treatment as a class action because, among other reasons: (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff's counsel will not fairly and adequately represent the purported class; (c) Plaintiff cannot establish commonality of claims; (d) Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

ANSWER
CASE NO. CGC-15-543533

1  cannot establish typicality of claims; and/or (e) the individualized nature of Plaintiff's claims

2  makes class treatment inappropriate.

3  **SIXTH DEFENSE**

4  **(Numerosity)**

5  6.      The Complaint fails to the extent that it asserts a class action, because the putative

6  class that Plaintiff purports to represent, the existence of which is expressly denied, lacks

7  numerosity.

8  **SEVENTH DEFENSE**

9  **(Statutes of Limitations)**

10  7.      Plaintiff's claims are barred in whole or in part by all applicable statutes of

11  limitation, including but not limited to California Code of Civil Procedure §§ 338, 340, and 343;

12  and California Business and Professions Code § 17208.

13  **EIGHTH DEFENSE**

14  **(Exempt Under California Law)**

15  8.      Plaintiff, and each member of the putative class alleged in the Complaint, is

16  exempt from the overtime requirements of the California Labor Code and the applicable

17  Industrial Welfare Commission wage order or wage orders, including, but not limited to, the

18  executive and/or administrative exemptions, or some combination of these exemptions.

19  **NINTH DEFENSE**

20  **(Release)**

21  9.      The claims of Plaintiff and certain members of the putative class alleged in the

22  Complaint are barred in whole or in part to the extent said claims have been released by the

23  individuals in question.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

ANSWER
CASE NO. CGC-15-543533

1

2

**TENTH DEFENSE**

**(Res Judicata/Collateral Estoppel)**

3        10.        Plaintiff's claims, and the claims of each member of the putative class alleged in
4    the Complaint, or some of them, are barred in whole or in part by the doctrines of res judicata
5    and/or collateral estoppel.

6

7

**ELEVENTH DEFENSE**

**(Laches)**

8        11.        Plaintiff's claims, and the claims of each member of the putative class alleged in
9    the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

10

11

**TWELFTH DEFENSE**

**(*De Minimis*)**

12        12.        The Complaint, and each purported cause of action contained therein, are barred in
13    whole or in part by the *de minimis* doctrine.

14

15

**THIRTEENTH DEFENSE**

**(Unclean Hands)**

16        13.        Plaintiff's claims, and the claims of each member of the putative class alleged in
17    the Complaint, or some of them, are barred in whole or in part by their unclean hands and/or
18    inequitable or wrongful conduct.

19

20

**FOURTEENTH DEFENSE**

**(Waiver)**

21        14.        Plaintiff's claims, and the claims of each member of the putative class alleged in
22    the Complaint, or some of them, are barred in whole or in part because such claims have been
23    waived, discharged, and/or abandoned.

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

ANSWER
CASE NO. CGC-15-543533

**FIFTEENTH DEFENSE**

**(Consent)**

15.     The Complaint, and each purported cause of action contained therein, are barred to the extent that Plaintiff, or members of the putative class alleged in the Complaint, consented to any alleged activity or conduct.

**SIXTEENTH DEFENSE**

**(Arbitration)**

16.     To the extent that Plaintiff and/or members of the putative class have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate.

**SEVENTEENTH DEFENSE**

**(Setoff and Recoupment)**

17.     If any damages have been sustained by Plaintiff, or by any member of the putative class alleged in the Complaint, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff or the putative class members owed to Defendant against any judgment that may be entered against Defendant.

**EIGHTEENTH DEFENSE**

**(Accord and Satisfaction, Payment)**

18.     The claims of Plaintiff and each member of the putative class alleged in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

**NINETEENTH DEFENSE**

**(Adequate Remedy at Law)**

19.     The claims of Plaintiff and members of the putative class alleged in the Complaint are barred, in whole or in part, because Plaintiff and the putative class members have an adequate remedy at law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

ANSWER
CASE NO. CGC-15-543533

1

2

## TWENTIETH DEFENSE

### (No Entitlement to Jury Trial - Certain Claims)

3      20.    Plaintiff and the members of the putative class alleged in the Complaint are not

4 entitled to a trial by jury of certain of their claims, including their claims under the California

5 Business and Professions Code Section 17200, *et seq*.

6

## TWENTY-FIRST DEFENSE

### (No Violation of Underlying State or Federal Law)

7

8      21.    Defendant is not liable for a violation of unlawful business practices pursuant to

9 California Business and Professions Code Section Section 17200, *et seq*., because it is not liable

10 to Plaintiff or the members of the putative class alleged in the Complaint for any alleged violation

11 of any underlying state or federal laws.

12

## TWENTY-SECOND DEFENSE

### (Preemption)

13

14      22.    Plaintiff's claims under Business & Professions Code Section 17200 *et seq*. are

15 barred in whole or in part to the extent they are preempted by the federal National Bank Act.

16

## TWENTY-THIRD DEFENSE

### (Improper Remedies)

17

18      23.    The claims of Plaintiff and the members of the putative class alleged in the

19 Complaint seek improper remedies that may not be recovered pursuant to Business & Professions

20 Code Section 17200 *et seq*.

21

## TWENTY-FOURTH DEFENSE

22

### (Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)

23      24.    Plaintiff, and each member of the putative class alleged in the Complaint, or some

24 of them, are not entitled to recover any civil penalties because, under the circumstances of this

25 case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

26

## TWENTY-FIFTH DEFENSE

27

### (Action Unconstitutional)

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

ANSWER
CASE NO. CGC-15-543533

25.     Plaintiff's purported cause of action for violation of California Business and Professions Code Section 17200, *et seq*., is barred because provisions of Section 17200 violate the provisons of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-SIXTH DEFENSE
### (Not Willful)

26.     Plaintiff and each member of the putative class alleged in the Complaint are barred from recovering penalties pursuant to, *inter alia*, California Labor Code Section 226 because Plaintiff has failed to plead facts sufficient to support allegations of willfulness.

### TWENTY-SEVENTH DEFENSE
### (Conduct Reasonable and In Good Faith)

27.     If Defendant is found to have failed to pay any amount due to Plaintiff, or any member of the putative class alleged in the Complaint, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with all California wage and hour laws.

### TWENTY-EIGHTH DEFENSE
### (Due Process/Excessive Fine)

28.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article 1, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article 1, and other provisions of the California Constitution.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25732058.2

1

**TWENTY-NINTH DEFENSE**

2

**(Attorneys' Fees and Costs Unwarranted)**

3       29.     The Complaint fails to state facts sufficient to support an award of attorneys' fees

4    or costs.

5

**THIRTIETH DEFENSE**

6

**(Avoidable Consequences)**

7       30.     The claims of Plaintiff and the members of the putative class alleged in the

8    Complaint are barred, or recovery reduced, under the avoidable consequences doctrine.

9

**THIRTY-FIRST DEFENSE**

10

**(Failure to Mitigate)**

11      31.     Plaintiff's monetary claims, and those of putative members of the purported class

12    action defined in the Complaint, are barred, in whole or in part, because they have not

13    appropriately or adequately mitigated their damages, if any.

14

**RESERVATION OF RIGHTS**

15      32.     Defendant reserves the right to assert additional defenses as discovery proceeds

16    and it becomes aware of additional facts and circumstances that provide the basis for additional

17    defenses.

18      WHEREFORE, Defendant prays for judgment as follows:

19      1.      That the Court deny Plaintiff's request to certify this action as a class action;

20      1.      That Plaintiff takes nothing by reason of her Complaint;

21      2.      That the Complaint herein be dismissed in its entirety with prejudice;

22      3.      That judgment be entered against Plaintiff and in favor of Defendant;

23      4.      That Defendant be awarded its costs of suit incurred herein;

24      5.      That Defendant be awarded its attorneys' fees incurred by this action; and

25      //

26      //

27      //

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1        6.     That the Court grant such other and further relief as it deems just and proper.

2

3   Dated: February 6, 2015              MORGAN, LEWIS & BOCKIUS LLP

4                          By   /s/Carrie A. Gonell

5                             CARRIE A. GONELL
ALEXANDER L. GRODAN
JOHN D. HAYASHI

6                             Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Irvine

DB2/ 25732058.2

**PROOF OF SERVICE**

*Armas v. JPMorgan Chase Bank, N.A.*
*SFSC Superior Court Case No. CGC-15-543533*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On February 6, 2015, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

[ ]    **BY FAX:** by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ X ]    **BY MAIL:** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]    **BY PERSONAL SERVICE:** I delivered to an authorized courier or driver authorized by First Legal Support to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

[ ]    **BY ELECTRONIC SERVICE**: the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on February 6, 2015. The transmission was reported as complete and without error. My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614. My e-mail address is pmartin@morganlewis.com.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/ 25729190.1

1

PROOF OF SERVICE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[   ]   **BY E-FILE**:  I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Robert Ottinger, Esq. / Ori Edelstein, Esq.     Attorneys for Plaintiff SELENA
THE OTTINGER FIRM, P.C.                   ARMAS
930 Montgomery Street, #502
San Francisco, CA  94133
Phone: 415.262.0096
Fax: 415.520.0555
robert@ottingerlaw.com
ori@ottingerlaw.com

[ X ]   **STATE**:  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[   ]   **FEDERAL**:  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on February 6, 2015, at Irvine, California.

_____
Patricia Martin

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

2